## WILLIAM H. CALVERLY

### v.

## WILLIAM W. HARPER AND ALFRED McNAIR.

*Negotiable Instruments—Note—Bill to Reform—Judgments—Collection of—Injunction.*

1.  There can be no reformation of a contract. the mistake involved arising through a misapprehension of the legal effect of the terms used.

2.  Nor can a contract be reformed because one of the parties thereto puts an interpretation upon the terms used different from their legal effect; nor is that sufficient to show a mistake in drawing it up.

3.  Failure to file a bill for the reformation of a written contract for seventeen years after the execution and delivery thereof, is such *laches* as will bar the right to the relief prayed.

[Opinion filed September 11, 1891.]

APPEAL from the Circuit Court of Wabash County; the Hon. C. C. BOGGS, Judge, presiding.

On the 6th of December, 1871, James Calverly was the owner of lands in Wabash County, Illinois, valued at $24,900, and proposed to divide his estate between his children. By an agreement then entered into between the father and his children, each of the children were to execute notes to the father, the interest of which was to go to the support of the father, and as the lands could not be equally divided by the agreement, the appellant, a son of James Calverly, received certain lands, which were then conveyed to him, of greater

value than his share, and he executed and delivered to William W. Harper, the husband of a daughter of James Calverly, his note of date December 6, 1871, for the sum of $1,660, due three years after date with interest from maturity at the rate of six per cent per annum.    Payments were made on that note at various times up to the April term, A. D. 1889, of the Wabash Circuit Court, when suit was brought thereon, which, on trial, resulted in a verdict and judgment for plaintiff, the payee, for $326.95 with costs.    Execution having been issued on that judgment and placed in the hands of the sheriff of Wabash county, the defendant, William H. Calverly, filed his bill to reform the note and contract entered into December 6, 1871, and to enjoin the collection of the judgment, and declare the same satisfied, and making William W. Harper, the plaintiff, and Alfred McNair, the sheriff, parties defendant.    This bill alleges that at the time of the execution of the note is was agreed that any payments made on the note should be applied to the payment of the principal and not on payment of accrued interest, and that the agreement and note then drawn did not correctly state the contract.    The answer sets up the written agreement made at the same time, and denies that the note was not written in accordance with the contract and agreement then made, and also sets up *laches* of complainant on his application to reform the contract.

On hearing, the bill was dismissed and the complainant brings the record to this court by appeal and assigns error in decreeing the dismissal of the bill.

Messrs. BELL & GREEN, for appellant.

Messrs. S. Z. LANDES and S. R. PUTNAM, for appellees.

PHILLIPS, J.    This bill is to reform a note already merged in a judgment and to enjoin the collection of that judgment. From the testimony in this record it is apparent that an agreement was entered into between the parties on December 6, 1871, which contemplated the execution of a note due three years after date with six per cent interest per annum from maturity, for the sum of $1,660 of the date of that agree-

ment. The complainant and each of his witnesses testify that the note was to be so drawn. It is claimed, however, that payments that might be made on the note were to be applied on the principal of the note and not on accrued interest, and a reformation of the contract in this regard is not asked further than to provide for such appropriation of payments. The relief asked in the bill is not from the payment of interest but an appropriation of payments. To this extent only does the averments of the bill and proof go. There is no mistake alleged in the use of terms as to amount, date, time due or rate of interest. It is apparent from the evidence in this record that if any mistake was made, it was a misapprehension of the legal effect of the terms used, but for this no reformation of a contract can be had. Wood et al. v. Price, 46 Ill. 439. Nor can the contract be reformed because one of the parties puts an interpretation upon the terms used different from their legal effect, nor is that sufficient to show a mistake in drawing it up. Coffing et al. v. Taylor, 16 Ill. 457. There is no evidence in the record to authorize a reformation of this contract. The note was executed December 6, 1871. In June, 1889, this bill is filed to reform the contract. The defendant sets up the statute of limitations and *laches* of the complainant in bar of the action. If there was a mistake in drawing the note, the right to have it reformed existed at the time of its execution and delivery. There was no fraud or concealment upon the part of Harper; none is averred. The Supreme Court in Greenman v. Greenman, 107 Ill. 404, say: " The statute of limitations does not strictly apply to cases in equity, but equity generally follows the law and denominates the period that the statute requires to bar an action, *laches*, that renders a demand stale." A period of more than seventeen years elapsed after the execution and delivery of this note before an effort is made to reform it, that, we hold there was such *laches* in the resort to equity that the complainant is barred from having the relief prayed. It was not error to enter a decree dismissing the bill on the hearing of the cause. The decree is affirmed.

*Decree affirmed.*